IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| v. § | |
| § | |
| ONE 2014 BLACK PORSCHE CAYMAN § | Civil Action No. 2:15-cv-05814-JS |
| COUPE BEARING VEHICLE § | |
| IDENTIFICATION NUMBER (VIN) § | |
| WP0AB2A85EK191487; § | |
| § | |
| THE REAL PROPERTY KNOWN AS 10212 § | |
| DENTON DRIVE, DALLAS, TEXAS; § | |
| § | |
| AND A TOTAL OF APPROXIMATELY § | |
| $5,453,011.81 COMPRISED OF: § | |
| $2,845,428.41 PREVIOUSLY DUE AND § | |
| PAYABLE BY THE UNITED STATES MINT § | |
| TO AMERICA NAHA, INC.; § | |
| § | |
| $2,388,091.18 PREVIOUSLY DUE AND § | |
| PAYABLE BY THE UNITED STATES MINT § | |
| TO WEALTHY MAX LIMITED; AND § | |
| § | |
| $219,492.22 PREVIOUSLY DUE AND § | |
| PAYABLE BY THE UNITED STATES MINT § | |
| TO XRACER SPORTS CO. LTD., § | |
| § | |
| Defendants *in Rem*. § | |

**CLAIMANTS' REPLY TO THE UNITED STATES' MEMORANDUM OF LAW
<u>IN OPPOSITION TO CLAIMANTS' MOTION TO TRANSFER VENUE</u>**

                                                     HOLLAND & KNIGHT LLP
                                                   *Attorneys for Claimants*
                                                   Lee Vartan
                                                   31 West 52nd Street
                                                   New York, NY 10019
                                                   (212) 513-3200

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................................ ii

ARGUMENT ........................................................................................................................................1

    A.    The law of the case doctrine is no bar to transfer. ...................................................2

        1.    Law of the case principles are discretionary guidelines that do not apply when a court acts *sua sponte* without developing a complete record. ................................................................................................................2

        2.    Even if the law of the case doctrine applied here, this case presents unusual circumstances that would except it from application of the doctrine. ...............................................................................................................4

    B.    The factors governing transfer weigh strongly in favor of transfer. .........................5

CONCLUSION.....................................................................................................................................7

# TABLE OF AUTHORITIES

**CASES**                                                                                          **Page(s)**

*Arizona v. California*,
    460 U.S. 605 (1983)......................................................................................................2, 3

*Christianson v. Colt Indus. Operating Corp.*,
    486 U.S. 800 (1988)......................................................................................................3, 4

*Hayman Cash Register Co. v. Sarokin*,
    669 F.2d 162 (3d Cir. 1982)..........................................................................................3, 4

*In re City of Phila. Litig.*,
    158 F.3d 711 (3d Cir. 1998)...............................................................................................2

*In re ML-Lee Acquisition Fund II, L.P.*,
    816 F. Supp. 973 (D. Del. 1993).........................................................................................5

*Jumara v. State Farm Ins. Co.*,
    55 F.3d 873 (3d Cir. 1995).................................................................................................4

*Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*,
    123 F.3d 111 (3d Cir. 1997)...............................................................................................3

*Speeney v. Rutgers, The State Univ.*,
    369 F. App'x 357 (3d Cir. 2010) .......................................................................................3

*Stewart Org., Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988)..............................................................................................................5

**STATUTES**

28 U.S.C. § 1404...............................................................................................................1, 6

America Naha, Inc., Kei Yi Loung, also known as Kenneth E. ("Kenny") Loung, Chien Chieng Loung, Harry Kenneth Loung, Lisa Marie Loung, and Mary Robin Loung (collectively, "Claimants") respectfully submit this reply to the Government's memorandum of law opposing Claimants' Motion to Transfer Venue pursuant to 28 U.S.C. § 1404(a).

**ARGUMENT**

Despite suggestions to the contrary in the Government's opposition brief, this Court has discretion to consider this venue transfer question on the merits. A decision whether to apply law of the case doctrine—like a transfer decision under 28 U.S.C. § 1404(a)—is a discretionary decision that allows a district court to weigh the equities and policy concerns implicated in the case. Nevertheless, the Government essentially argues that, regardless of the relative merits of venue in Texas and Pennsylvania or how sparsely the initial transfer decision was litigated, this Court should tie its own hands out of general deference to other courts. Presumably as a result, the Government's defense of venue in Pennsylvania is halfhearted and fails to respond meaningfully to Claimants' strong case for transfer under Third Circuit law. The Government largely just recites the New Jersey Court's stated reasons for transfer and attempts to satisfy this Court that the New Jersey Court at least "reasonably" exercised its discretion. *See* Mem. of Law in Opp'n to Claimants' Mot. to Change Venue ("Gov't Brief") at 7.

Given the particular balance of equities in this case, the Government's law of the case argument fails. First, the doctrine is inapplicable to the extent the parties had no real opportunity to litigate the pertinent issue before it was decided; here, the New Jersey Court transferred the case *sua sponte* without the benefit of any briefing. To be clear: although the Government asserts that Claimants have moved to transfer venue "for a second time" pursuant to 28 U.S.C. § 1404(a), *see*

Gov't Brief at 8, this is the first such motion.[1] The Government attempts to shoehorn the law of the case doctrine, which was intended to protect thoroughly considered conclusions of law, into a situation where the decision at issue was unbriefed, unexpected, and unknowable. Second, even if the law of the case doctrine applied here, this case would fall into a formal exception to the doctrine because it presents unusual circumstances. The compelling case for transfer to Texas shows that the decision to transfer venue to Pennsylvania was clearly erroneous, and it would work a manifest injustice if Claimants were forced to travel here to litigate without being heard on the venue issue first.

> A. **The law of the case doctrine is no bar to transfer.**
>
>> 1. *Law of the case principles are discretionary guidelines that do not apply when a court acts* sua sponte *without developing a complete record.*

The law of the case doctrine is "designed to protect traditional ideals such as finality, judicial economy and jurisprudential integrity." *In re City of Phila. Litig.*, 158 F.3d 711, 717-18 (3d Cir. 1998). But, "[u]nlike the more precise requirements of *res judicata*, law of the case is an amorphous concept." *Arizona v. California*, 460 U.S. 605, 618 (1983), *decision supplemented*, 466 U.S. 144 (1984). As a result, the doctrine offers no hard-and-fast rule to be applied reflexively anytime a court has occasion to reconsider a conclusion of law by another court in the same case. Put another way, "[t]he law of the case doctrine does not limit a federal court's power; rather, it

---

[1] Claimants previously moved to dismiss for improper venue, not to transfer venue. They argued that Congress could not have intended the Government's interpretation of the applicable venue statute, which arguably would bestow "super venue" on the District of New Jersey in civil forfeiture cases because of the routine way the Federal Reserve routes payments. *See* Mem. of Law in Supp. of Claimants' Mot. to Dismiss the Am. Verified Compl. for Forfeiture *in Rem*, NJ Dkt. # 41, District of New Jersey Civil Case No. 15-2036 (JLL) ("Mot. to Dismiss"), at 11-12. The New Jersey Court rejected this argument and ruled that the statute broadly authorized venue in any district where an action or omission gave rise to the forfeiture. Op., NJ Dkt. 62 at 8-9. In part because one of a number of possible districts could have been chosen, Claimants did not— and should not have been expected to—litigate the merits of every possible forum in which the action might have been brought.

2

directs its exercise of discretion." *Pub. Interest Research Grp. of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997).

Further, the doctrine is based on a set of assumptions about how litigation normally proceeds and only provides guidance to the extent those assumptions hold. The Supreme Court has explained that the doctrine was "crafted with the course of ordinary litigation in mind." *Arizona*, 460 U.S. at 618-19. In ordinary litigation, the normal assumption is that parties brief contested issues before a court makes a decision. When the Third Circuit first applied law of the case principles to transfer decisions, the Court also made clear its assumption that the party opposing transfer had been heard in the first instance: "A disappointed litigant should not be given *a second opportunity to litigate a matter that has been fully considered* by a court of coordinate jurisdiction, absent unusual circumstances." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 169 (3d Cir. 1982) (emphasis added). Indeed, the Third Circuit has expressly articulated this assumption of a full hearing in the first instance as a limitation on the doctrine: "[t]he law of the case doctrine only precludes relitigation of issues that the parties had a full and fair opportunity to litigate." *Speeney v. Rutgers, The State Univ.*, 369 F. App'x 357, 360 (3d Cir. 2010) (citing *Westerbeke Corp. v. Daihatsu Motor Co., Ltd.*, 304 F.3d 200, 219 (2d Cir. 2002)).

Accordingly, the New Jersey Court's *sua sponte* transfer decision is not the type of decision that the law of the case doctrine was crafted to protect because it was unsupported by any developed record of the relative merits of any forum except New Jersey. The doctrine was meant to "promote[] the finality and efficiency of the judicial process," *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988), and foster "judicial comity," *Hayman Cash Register Co.*, 669 F.2d at 168, not lock litigants into an unfair and inconvenient forum that they had no opportunity to argue was unfair and inconvenient. But that is precisely what application of the

doctrine would do here.  Claimants moved to dismiss the action in New Jersey for lack of venue.  The New Jersey Court disagreed, but nevertheless transferred the case to the Eastern District of Pennsylvania.  It did so without the benefit of briefing or argument from Claimants.  Now—for the first time—Claimants seek to demonstrate why venue is inappropriate in Pennsylvania and the case should be transferred to Texas.  It serves none of the values underlying the law of the case doctrine to close off consideration of Claimants' arguments.  To do so would penalize them unjustifiably for failing to divine that the New Jersey Court would transform their lack of venue motion into a venue transfer motion.

        2.     *Even if the law of the case doctrine applied here, this case presents unusual circumstances that would except it from application of the doctrine.*

For the reasons above, and because the case for transfer to Texas is strong, case law recognizes a formal exception to the law of the case doctrine here even if the Court concludes that the doctrine is otherwise generally applicable.  "A judge need not follow a previous decision on the same issue in the same case if 'unusual circumstances' exist that permit a different conclusion." *Hayman Cash Register Co.*, 669 F.2d at 169.  While courts have enumerated some specific, commonly recognized exceptions, a general exception is available whenever "the initial decision was 'clearly erroneous and would work a manifest injustice.'"  *Christianson*, 486 U.S. at 817 (quoting *Arizona*, 460 U.S. at 618 n. 8).

Here, as explained below, the Government hardly shows that the New Jersey Court's reasoning reflects the careful analysis required under *Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995), let alone that it demonstrates that superior venue is in Pennsylvania.  In fact, it is clear the New Jersey Court erred because it paid little to no attention to Claimants' particular circumstances: in one striking example, the Court attributed sufficient resources to Claimants to litigate in Pennsylvania because of "$40 million of cash wired to Moving Claimants," but the

Government alleges that Claimants received only $6.4 million through the Mutilated Coin Program. *See* Op., NJ Dkt. 62 at 15 n.5 (citing Am. Compl. ¶¶ 18, 49-50, 63, 65). The New Jersey Court's factual mistake reflects its oversight of any differences among the co-claimants and, as a result, its broader failure to conduct the "individualized, case-by-case consideration of convenience and fairness" required by the Supreme Court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

With as strong a case for transfer as here, it would be manifestly unjust to allow the wrong choice of forum to be fixed without full briefing. To avoid such injustice, Claimants submit that this Court should at least hear the parties on this issue for the first time and render a decision that balances the equities to the satisfaction of this Court's discretion.

  B. <u>**The factors governing transfer weigh strongly in favor of transfer.**</u>

On the merits of the venue issue, the Government's response is wholly insufficient to demonstrate that this forum is superior. In some instances, the Government provides *no* answer to the strongest arguments pointing to superior venue in Texas: the core conduct giving rise to the action was comprised of business decisions that took place in Texas; forfeiture of local property would have a greater impact on the Dallas community than in Pennsylvania; and the Claimants, who run a family business located in Texas, have much fewer resources to litigate in Pennsylvania than the Government, which can easily litigate anywhere. Further, the Government fails to respond to the reasons why Pennsylvania is not a superior venue: the forum is owed no special deference normally reserved for a plaintiff's first choice of forum;[2] the location of witnesses, books, and

---

[2] For this reason, the Government's assertion that transfer should be denied "if the factors are evenly balanced or weigh only slightly in favor of transfer" is inapplicable, as any authority standing for that proposition assumes the forum was plaintiff's first choice. *See In re ML-Lee Acquisition Fund II, L.P.*, 816 F. Supp. 973, 976 (D. Del. 1993) (citing *Allied-Signal, Inc. v. Honeywell, Inc.*, No. CIV. A. 90-395-JJF, 1991 WL 495770, at *1 (D. Del. Feb. 6, 1991)).

records is immaterial to the extent they are available in either forum; and a forum's interest in adjudication is centered on the impact the trial would have on the community—not some imagined, provincial judicial interest in presiding over every case involving a government agency headquartered within the district.

The Government's only real response to Claimants' analysis is to assert that co-claimant Wealthy Max should not be forced to litigate in Texas, but the Government provides no explanation why the respective actions should not be severed. Claimants explain in their pending motion to dismiss that

> [t]here are no allegations in the Amended Complaint connecting the entities, their properties, or their alleged predicate crimes to one another. In fact, the Government excised the conspiracy allegations in the original complaint from the Amended Complaint. Nor do the properties and funds subject to forfeiture tie back to a single or common individual or entity. According to the Amended Complaint, America Naha, Wealthy Max Limited, and XRacer Sports Co. Limited share only one thing in common: all three imported mutilated coins from China for redemption through the Mint's Mutilated Coin Program. That is insufficient commonality for the three entities to be charged in a single complaint.

Mot. to Dismiss at 23 (citation omitted). Until the Government can meet its burden to show that the cases must be tried together, Claimants should not be dragged into a forum that is only convenient for the Government. For this reason and others, the values enshrined in 28 U.S.C. § 1404(a)—convenience and the interest of justice—are best served by transfer.

## CONCLUSION

Based on the foregoing, Claimants respectfully request that the Court transfer the case to the Northern District of Texas for further proceedings.

Dated: New York, New York
March 14, 2016

                                        Respectfully submitted,

                                        HOLLAND & KNIGHT LLP
                                        *Attorneys for Claimants*

                                        By:   /s Lee Vartan
                                                     LEE VARTAN

## CERTIFICATE OF SERVICE

I certify that on March 14, 2016, I caused the foregoing CLAIMANTS' REPLY TO THE UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION TO CLAIMANTS' MOTION TO TRANSFER VENUE, to be served on all counsel of record, by operation of the Court's ECF system.

Dated: March 14, 2016

                                        Holland & Knight LLP

                                        *s/Lee Vartan*